UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CRYSTAL B.[1] *on behalf of R.A.R.T., a minor*, Plaintiff, | ) | |
| v. | ) | No. 2:25-cv-00337-JPH-MKK |
| FRANK J. BISIGNANO, Defendant. | ) | |

## Report and Recommendation

Plaintiff Crystal B. requests judicial review of the final decision of the Commissioner of the Social Security Administration (the "SSA"), denying her child's ("R.A.R.T.'s")[2] application for Supplemental Security Income ("SSI") payments under Title XVI of the Social Security Act (the "Act"). *See* 42 U.S.C. §§ 405(g), 1383(c)(3). On January 8, 2026, United States District Judge James Patrick Hanlon entered an Order referring this matter to the undersigned for a report and recommendation regarding the appropriate disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 13). For the reasons set forth below, the undersigned recommends that the Commissioner's decision denying the application for benefits

[1] In an effort to protect the privacy interests of claimants for Social Security benefits, the Southern District of Indiana has adopted the recommendations put forth by the Court Administration and Case Management Committee of the Administrative Office of the United States Courts regarding the practice of using only the first name and last initial of any non-government parties in Social Security opinions. The undersigned has elected to implement that practice in this Report.

[2] In accordance with Federal Rule of Civil Procedure 5.2(a)(3), the Court uses the initials of claimant because claimant is a minor.

be **REVERSED** and that the Court **REMAND** this matter to the Commissioner for further proceedings.

## I. PROCEDURAL HISTORY

Plaintiff filed R.A.R.T.'s application for SSI benefits in January 2023, alleging disability beginning August 1, 2015. (Dkt. 8-5 at 2–18, R. 171–187). The claim was initially denied on May 24, 2023, (Dkt. 8-4 at 14, R. 80), then again upon reconsideration on January 9, 2024, (*id.* at 20, R. 86). Plaintiff requested a hearing, which occurred telephonically before Administrative Law Judge ("ALJ") Jeffrey S. Ciegel on July 16, 2024. (Dkt. 8-2 at 37–53, R. 36–52). On August 13, 2024, the ALJ concluded R.A.R.T. had not been under a disability, as defined in the Act, 42 U.S.C. § 1382c(a)(3)(C), since January 3, 2023. (Dkt. 8-2 at 31, R. 30). The SSA Appeals Council denied Plaintiff's request for review, finding Plaintiff failed to provide a basis for changing the ALJ's decision. (*Id.* at 2, R. 1). Plaintiff then filed a request for judicial review. *See* 42 U.S.C. § 405(g).

## II. LEGAL STANDARD

To qualify for benefits, a claimant must be disabled within the meaning of the Act. "Social security disability benefits are designed for disabled workers, but low-income parents or guardians may obtain them on behalf of disabled children as well." *Keys v. Barnhart*, 347 F.3d 990, 991 (7th Cir. 2003); 42 U.S.C. § 1382. For a child to be considered disabled, the parent or guardian must show that the child "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

"[S]ince disabled children generally do not have a work history, the structure of the disability program for them is necessarily different from that for adults, except in cases in which the child has a 'listed impairment,' that is, an impairment that would entitle the adult to disability benefits without any further inquiry into his ability to perform his past work or some other work; the child is treated the same in such a case." *Keys*, 347 F.3d at 991–92 (citing 20 C.F.R. § 416.924(d)) (citation omitted). If the child does not have a listed impairment, then "the question is whether the child is severely limited in functioning in specified areas of life activity." *Sanchez v. Barnhart*, 467 F.3d 1081, 1082 (7th Cir. 2006).

> [T]he Social Security Administration has "designate[d] six 'domains' of functioning: acquiring and using information; attending to and completing tasks; interacting with and relating to other people; moving about and manipulating objects; caring for oneself; and health and physical wellbeing. 20 C.F.R. § 416.926a(b)(1). A claimant is to be found disabled if he has an 'extreme' limitation in at least one of the domains, or 'marked' limitations in at least two. 20 C.F.R. § 416.926a(d)."

*Sanchez*, 467 F.3d at 1082 (quoting *Keys*, 347 F.3d at 994). A "marked" limitation exists when the "impairment(s) interferes seriously with [the] ability to independently initiate, sustain, or complete activities," 20 C.F.R. § 416.926a(e)(2)(i), whereas an "extreme" limitation exists when the "impairment(s) interferes very seriously with [the] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i). When considering the extent of a claimant's limitation

in any domain, the ALJ "examine[s] all the information . . . in [the] case record about how [the claimant's] functioning is limited because of [the] impairment(s), and . . . compare[s] [the claimant's] functioning to the typical functioning of children [of the same] age who do not have impairments." 20 C.F.R. § 416.926a(f)(1).

The regulations set forth a three-step process for evaluating child disability claims. *Hopgood v. Astrue*, 578 F.3d 696, 699 (7th Cir. 2009); 20 C.F.R. § 416.924(a). The ALJ considers whether: (1) the child is engaged in substantial gainful activity; (2) the child has a severe impairment or combination of impairments; and (3) the child has an impairment or combination of impairments that meets, medically equals, or functionally equals a listing. *See L.D.R. v. Berryhill*, 920 F.3d 1146, 1150 (7th Cir. 2019); *Hopgood*, 578 F.3d at 699; 20 C.F.R. § 416.924. A negative answer at any point terminates the inquiry and leads to a determination that the claimant is not disabled. If the child satisfies Steps Two and Three and the impairment(s) meet the duration requirement, then the child is disabled. *Hopgood*, 578 F.3d at 699; 20 C.F.R. § 416.924(a). In making these determinations, the ALJ must consider all relevant evidence and "the combined effect of all medically determinable impairments, even those not severe." *L.D.R.*, 920 F.3d at 1150; 20 C.F.R. § 416.924(a). The claimant bears the burden of proof at every step. 20 C.F.R. § 416.912(a); *see also, e.g., Chrisman ex rel. N.R.C. v. O'Malley*, No. 1:23-cv-00046-SLC, 2024 WL 1341073, at *3 (N.D. Ind. Mar. 28, 2024); *Patricia C. v. Kijakazi*, No. 1:20-cv-03056-DLP-JRS, 2022 WL 2951428, at *2 (S.D. Ind. July 26, 2022); *R.J. ex*

*rel. Taylor v. Colvin*, No. 1:11-cv-01001-SEB-DKL, 2014 WL 1328166, at *2 (S.D. Ind. Mar. 28, 2014).

Judicial review of the Commissioner's denial of benefits is to determine whether it was supported by substantial evidence and free of legal error. *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). This review is limited to determining whether the ALJ's decision adequately discusses the issues and is based on substantial evidence. Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citations omitted); *see also Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004). The standard demands "more than a scintilla" of evidentiary support but does not demand a preponderance of the evidence. *Wood v. Thompson*, 246 F.3d 1026, 1029 (7th Cir. 2001). Thus, the issue before the Court is not whether R.A.R.T. is disabled, "but rather, whether the ALJ's findings were supported by substantial evidence" and free of legal error. *Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir. 1995).

Under this administrative law substantial evidence standard, the Court reviews the ALJ's decision to determine if there is a logical and accurate bridge between the evidence and the conclusion. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citing *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008)). In this substantial evidence determination, the Court must consider the entire administrative record but not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner."

*Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000), *as amended* (Dec. 13, 2000); *see also Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) ("Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if 'reasonable minds could differ concerning whether [the claimant] is disabled.'")). "Nevertheless, [the Court must] conduct a 'critical review of the evidence' before affirming the Commissioner's decision, and the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (citation omitted); *see also Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

When an ALJ denies benefits, he must build an "accurate and logical bridge from the evidence to his conclusions," *Clifford*, 227 F.3d at 872, articulating a minimal, but legitimate, justification for the decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). The ALJ need not address every piece of evidence in his decision, but he cannot ignore a line of evidence that undermines the conclusions he made, and he must trace the path of his reasoning and connect the evidence to his findings and conclusions. *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012); *Clifford*, 227 F.3d at 872.

## III. Background

### A. Factual Background

R.A.R.T. was 12 years old when his mother applied for SSI benefits on his behalf. (Dkt. 8-5 at 2, R. 171). At the time of his disability hearing, R.A.R.T. was 13 years old and entering eighth grade. (Dkt. 8-2 at 19, 42, R. 18, 41).

### B. ALJ Decision

In determining whether R.A.R.T. qualified for benefits under the Act, the ALJ employed the three-step evaluation process set forth in 20 C.F.R. § 416.924. (Dkt. 8-2 at 18–19, R. 17–18). At Step One, the ALJ found that R.A.R.T. had not engaged in substantial gainful activity since the application date. (*Id.* at 19, R. 18). At Step Two, the ALJ found R.A.R.T. had three severe impairments: attention deficit hyperactivity disorder ("ADHD"), separation anxiety disorder, and a learning disorder. (*Id.*). He also found that R.A.R.T. had the non-severe impairments of allergies, heartburn, and obesity. (*Id.*). At Step Three, the ALJ found that R.A.R.T. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, paying particular attention to Listings 112.06 (anxiety and obsessive compulsive disorders) and 112.11 (neurodevelopmental disorders). (Dkt. 8-2 at 19–21, R. 18–20). As to the "paragraph B" criteria, the ALJ found R.A.R.T. had "marked difficulties" in his ability to interact with others. (*Id.* at 20, R. 19). The ALJ further found that R.A.R.T. did not have marked limitations in his abilities to: understand, remember, and apply information; concentrate, persist, or maintain pace; and adapt

or manage himself. (*Id.* at 20–21, R. 19–20). The ALJ determined that the record failed to establish the presence of "paragraph C" criteria. (*Id.* at 21, R. 20).

The ALJ also found that R.A.R.T. did not have an impairment or combination of impairments that functionally equaled the severity of any listing. (*Id.* at 21–31, R. 20–30). Specifically, the ALJ found the following degrees of limitation in the six domains of functioning:

- Acquiring or using information: Less than a marked limitation.
- Attending and completing tasks: Less than a marked limitation.
- Interacting and relating with others: Less than a marked limitation.
- Moving about and manipulating objects: No limitation.
- Ability to care for himself: Less than a marked limitation.
- Health and physical well-being: No limitation.

(*Id.* at 22, R. 21). As such, the ALJ concluded Plaintiff was not disabled. (*Id.* at 31, R. 30).

## IV. DISCUSSION

Plaintiff argues that the ALJ's decision is not supported by substantial evidence and is tainted by legal errors. (*See generally* Dkt. 10). More specifically, Plaintiff argues that the ALJ fatally erred in analyzing R.A.R.T.'s subjective symptoms, (*id.* at 12–17), in assessing the state agency opinions, (*id.* at 18–21), and in concluding that R.A.R.T.'s impairments did not meet the criteria for Listing 112.11 and were not functionally equivalent to a listed impairment, (*id.* at 21–30). Plaintiff focuses much of her critique on ALJ's allegedly inadequate analysis of R.A.R.T.'s behavioral symptoms and the tension between the ALJ's ultimate findings and school records and teacher questionnaires that the ALJ found

persuasive. (*See id.* at 12–21). In response, the Commissioner insists that the ALJ's decision was supported by substantial evidence and free of legal error. (*See generally* Dkt. 12). Plaintiff replies that the Commissioner did not address the ALJ's reversible errors and "mischaracterize[d] both the record and the nature of Plaintiff's arguments." (Dkt. 14 at 1).

To allow for meaningful judicial review, an ALJ's opinion must discuss the claimant's impairments in conjunction with the listings, the combined effect of the impairments on the child's functioning, and evidence that runs contrary to his decision. *Brindisi v. Barnhart*, 315 F.3d 783, 786–87 (7th Cir. 2003). The ALJ's opinion falls short in this regard for several reasons.

First, the ALJ's opinion lacks sufficient detail for the undersigned to determine why the ALJ concluded that R.A.R.T.'s impairment(s) did not satisfy the criteria for Listing 112.11. To satisfy this Listing, a claimant must establish, under subparagraph (A), medical documentation of certain characteristics of neurodevelopmental disorders. 20 C.F.R. pt. 404, subpt. P, App. 1, § 112.11 (2026). In addition, under subparagraph (B), the claimant must establish either an extreme limitation of one, or a marked limitation of two, areas of functioning. *Id.*

Even considering the deferential nature of judicial review, the ALJ's decision reveals too little about his analysis of these questions. The ALJ began by noting that Paragraph A "requires medical documentation of the following: frequent distractibility, difficulty sustaining attention, medical difficulty organizing tasks, or hyperactive and impulsive behavior; significant difficulties learning and using

academic skills; or recurrent motor movement or vocalization." (Dkt. 8-2 at 20, R. 19). Then, after remarking that R.A.R.T. had been diagnosed with ADHD, separation anxiety, and a learning disorder and was receiving speech therapy, the ALJ concluded that R.A.R.T. "meets some of the requirements of the Paragraph A criteria." (*Id.*). No other explanation was provided. (*Id.*). The ALJ then turned to the Paragraph B analysis.

Under different circumstances, a thin or underdeveloped analysis of one prong of a two-prong inquiry may not be fatal to the overall analysis. But, where the questions posed under paragraphs A and B feature significant overlap, a lackluster analysis of one calls into question the integrity of the second. Just such a circumstance presents itself here.

Unexplained tension between the ALJ's paragraph A and B findings necessitates remand. In considering the paragraph B criteria, the ALJ concluded that R.A.R.T. had less than marked limitations in his abilities (1) to understand, remember, or apply information, (2) to concentrate, persist, or maintain pace, and (3) to adapt or manage himself. (Dkt. 8-2 at 20–21, R. 19–20). In making these assessments, the ALJ cited R.A.R.T.'s average-to-good academic performance, referenced R.A.R.T.'s ADHD diagnosis but noted that medication has "controlled" his symptoms, and remarked that R.A.R.T. "has the basic ability to care for his personal needs . . . and maintain hygiene." (*Id.*). But how do these findings comport with the ALJ's Paragraph A conclusion? The Paragraph A criteria that appear most likely in play, given the record and the ALJ's impairment findings, are "frequent

distractibility, difficulty sustaining attention, difficulty organizing tasks, or hyperactive and impulsive behavior" and "significant difficulties learning and using academic skills." (*See id.* at 20, R. 19); *see also* 20 C.F.R. pt. 404, subpt. P, App. 1, §§ 112.11(A)(1), (2). The ALJ found that at least some of these criteria were met, although he did not say which ones. Any such finding would seem to have a bearing on, and likely conflict with, the ALJ's subsequent Paragraph B conclusions. It may well be that the ALJ carefully parsed these questions and resolved any conflicts or inconsistencies to his satisfaction. But that analysis does not appear in his decision. And, without it, the undersigned cannot conclude that the decision is supported by substantial evidence. *See Giles v. Astrue*, 483 F.3d 483, 486 (7th Cir. 2007) ("[W]here the ALJ's decision 'lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded.'") (citations omitted).

Second, the Paragraph B analysis features internal inconsistencies that further undermine the logical bridge that the Court looks for in its review. The ALJ concluded that R.A.R.T. had "marked difficulties" in his ability to interact with others. (Dkt. 8-2 at 20, R. 19). The ALJ explained that although R.A.R.T. "spends time with his cousins" and "has friends," "he has no friends that come over" and "has had impulse control issues and problems with controlling his emotions." (*Id.*). However, when it came to R.A.R.T.'s ability to adapt or manage himself, the ALJ found, as noted above, that he did *not* have a marked limitation. (*Id.* at 21, R. 20). The ALJ grounded this finding on his conclusion that R.A.R.T. can care for his personal needs and "maintain hygiene and perform normal chores has been age

appropriate [sic]." (*Id.*). And while R.A.R.T. "has had some difficulties regulating his emotions," the "record as a whole does not justify marked limitations in this functional area." (*Id.*). But "impulse control issues" and R.A.R.T.'s "problems with controlling his emotions" were what drove the ALJ's decision that R.A.R.T. had "marked difficulties" interacting with others. (*See id.* at 20, R. 19). And, as highlighted by Plaintiff, the "adapting or managing oneself" inquiry "refers to the ability to 'regulate emotions, control behavior, and maintain well-being in age-appropriate activities and settings.'" (Dkt. 10 at 25 (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.00(E)(4)). This unresolved tension between the ALJ's findings for two paragraph B criteria further undermines the overall decision.

Similar friction exists between the ALJ's paragraph B findings and his conclusions regarding R.A.R.T.'s functional-domain limitations. As noted, the ALJ found R.A.R.T. had "marked difficulties" in his ability to interact with others for purposes of Paragraph B, (Dkt. 8-2 at 20, R. 19), but "less than a marked limitation" in the "interacting and relating to others" domain of functioning, (*id.* at 22, R. 21). While these two findings may be consistent, the evident overlap between the two considerations and the fact that identical evidence informs each question necessitates a degree of explanation that the ALJ did not provide. An ALJ need not address every piece of evidence in his decision; nor must he provide a lengthy explanation. But he must explain why the evidence led to different legal outcomes in closely analogous contexts. Particularly when much of the evidence he found persuasive supports the greater degree of limitation. (*See, e.g.*, *id.* at 27, R. 26

(finding "persuasive" teacher's opinion that R.A.R.T. "struggle[d] interacting with others" and had "a very serious problem with regard to handling frustration appropriately, identifying and appropriately assessing emotional needs, responding appropriately to changes in his own mood, and using appropriate coping skills to meet the daily demands of the school environment"); *id.* (finding "persuasive" second teacher's opinion that R.A.R.T. "would become upset often and shut down during class" and "had a very serious problem expressing anger appropriately," noting that he "would often hit his desk when frustrated and did not know how to calm himself")). The ALJ may have been satisfied that distinctions existed to support his paragraph B and functional-domain findings, but without knowing those distinctions, the undersigned must recommend remand.

In sum, the undersigned finds that the ALJ's conclusions at Step Three were not supported by substantial evidence and that remand is necessary. Because the undersigned has found sufficient reasons to recommend remand, the undersigned does not find it necessary to analyze Plaintiff's remaining arguments.

## V. CONCLUSION

For the reasons detailed herein, the undersigned recommends that the ALJ's decision denying R.A.R.T. benefits be **REVERSED** and **REMANDED** for further proceedings.

Any objections to the Magistrate Judge's Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Failure to file objections within fourteen (14) days after service will constitute a waiver of subsequent review absent a showing of good cause for such failure.

So **RECOMMENDED.**

Date: 07/19/2026

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via CM/ECF